IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VINCENZO A. SALERNO, | |
| Plaintiff, | |
| v. | CIVIL NO. _____ |
| MEGA PACKAGE STORE, LLC, | **JURY TRIAL REQUESTED** |
| Defendant. | |

## COMPLAINT

Plaintiff Vincenzo A. Salerno ("Salerno" or "Plaintiff"), by and through his undersigned counsel, files the following Complaint against Mega Package Store LLC ("Mega Package" or "Defendant").

## Introduction

1.

This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.

This is an action for unpaid overtime in violation of the FLSA.  Plaintiff seeks recovery of his unpaid overtime wages, liquidated damages, attorney's fees, costs, and other relief as provided by law.

3.

Defendant employed Plaintiff as a security guard and as a sales/stock clerk between October 2015 and April 2016.  Throughout that time, Defendant misclassified Plaintiff as an independent contractor in order to avoid paying Plaintiff the overtime wages to which he was entitled under the FLSA.

## Jurisdiction and Venue

4.

Plaintiff's FLSA claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

5.

This Court is an appropriate venue under 28 U.S.C. § 1391(b)(1) for all of Mr. Salerno's claims as the judicial district in which Defendant failed to pay to Mr. Salerno the overtime wages to which he was lawfully entitled under the FLSA.

## The Parties

6.

Plaintiff is a citizen of the United States and a resident of the State of Georgia.  He is a former employee of Defendant.  Plaintiff submits himself to the jurisdiction of this Court.

7.

Defendant is a limited liability company organized under the laws of and doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

8.

Defendant is subject to service of process through its registered agent, Jonathan H. Fain, at 66 Lenox Pointe, Atlanta, Georgia 30324.

9.

Throughout the time that Plaintiff performed security guard services for Defendant, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA.

10.

Throughout the time that Plaintiff performed security guard services for Defendant, Defendant had employees engaged in commerce or who were working on goods or materials that had been moved in or produced for commerce.

11.

On information and belief, throughout the time that Plaintiff performed security guard services for Defendant, Defendant's annual gross volume of sales made exceeded $500,000.

12.

Defendant suffered or permitted Plaintiff to work.

13.

Throughout the time that Plaintiff performed security guard and other services for Defendant, Plaintiff was engaged in commerce on Defendant's behalf.

**The Facts**

14.

Defendant hired Plaintiff in October 2015.

15.

Plaintiff worked for Defendant as an armed security guard from October 2015 to April 2016 (hereinafter, the "Relevant Period").  During the Relevant Period, he also periodically performed duties for Defendant as a sales/stock clerk.

16.

Throughout the Relevant Period, Plaintiff worked a minimum of eight hours, and often 12 to 15 hours per day.

17.

Throughout the Relevant Period, Plaintiff worked six to seven days per week.  Plaintiff estimates that over the course of the approximately six months that he worked for Defendant, he had no more than about five days off.

18.

Throughout the Relevant Period, Plaintiff worked 50-70 hours each week.

19.

Defendant told Plaintiff at the time of his hire that he would be treated as an independent contractor, but Defendant never offered him any contract.

20.

Defendant treated Plaintiff as an employee and not as an independent contractor.

21.

Defendant controlled the hours that Plaintiff worked by setting his schedule for every week.

22.

Defendant controlled Plaintiff's work by providing explicit instructions about how, where, and when he should do his job, and by regularly offering criticism and feedback on his performance.

23.

Defendant established procedures for performing the security tasks that comprised Plaintiff's job, and Defendant trained him in how to perform those tasks.

24.

Defendant required Plaintiff to work exclusively for Mega Package and prohibited him from working for anyone else.

25.

Defendant required Plaintiff to work at times and on a schedule set by Defendant and over which Plaintiff had little or no control.

26.

Plaintiff had no opportunity for profit or loss depending on his managerial skill.  Plaintiff had no opportunity to exercise managerial skill during his employment with Defendant.

27.

Plaintiff had no authority to hire personnel in connection with the performance of his security work for Defendant.

28.

While working as a sales/stock clerk, Plaintiff was required to wear a uniform that Defendant provided and which bore the Mega Package Store logo. Plaintiff had to provide his own uniform while working as a security guard.

29.

Although Plaintiff had to have a license issued by the State of Georgia in order to perform services as an armed security guard, his work for Defendant did

not require any specialized skill beyond that required of any person who obtains

and maintains a license to work as a security guard in the State of Georgia.

### 30.

His work for Defendant was Plaintiff's sole source of income during the

Relevant Period.

### 31.

Defendant paid Plaintiff a straight hourly wage of $15-$17 per hour for all

hours worked as a security guard.

### 32.

Defendant did not pay Plaintiff a premium rate of one and one half times his

regular rate for all hours worked in excess of 40 in each workweek.

### 33.

When Plaintiff performed non-security-guard (sales/stock) work, Defendant

paid him on a payroll check, subject to withholdings, at a straight hourly rate of

$10/hour, regardless of the number of hours he worked that workweek.

### 34.

Defendant paid Plaintiff for his security guard work on a non-payroll check,

which was not subject to withholdings.  That income was reported to the IRS on a

Form 1099.

35.

The IRS has determined that Defendant misclassified Plaintiff as an independent contractor in relation to his work as a security guard and issued an SS-8 determination explaining its findings.  Following a thorough analysis of all facts available to it, the IRS concluded:  "[T]he firm had the right to exercise discretion and control over the worker to the degree necessary to establish that the worker was a common law employee and not an independent contractor operating a trade or business."

36.

Defendant deliberately misclassified Plaintiff as an independent contractor in order to avoid its obligations under the FLSA.

37.

As a result of Defendant's unlawful and deliberate misclassification of Plaintiff as an independent contractor, Defendant deprived Plaintiff of overtime wages to which he is lawfully entitled under the FLSA.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE MAXIMUM HOURS PROVISIONS OF THE FAIR**</u>
<u>**LABOR STANDARDS ACT**</u>

38.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

39.

At all relevant times, Defendant had gross revenues in excess of $500,000.

40.

At all times relevant to this Complaint, Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

41.

Throughout the Relevant Period, Defendant employed Plaintiff.

42.

Pursuant to Defendant's compensation policies, rather than pay Plaintiff the federally-mandated premium rate for all hours worked in excess of 40 in each workweek, Defendant improperly classified Plaintiff as an independent contractor.

43.

Plaintiff worked for Defendant more than 40 hours in every work week throughout the Relevant Period.

44.

Defendant paid Plaintiff only straight hourly pay throughout the Relevant Period.

45.

Defendant's failure to pay Plaintiff an overtime premium rate of one and one half times his regular rate of pay is unlawful under the FLSA.

46.

Defendant's failure to pay Plaintiff an overtime premium rate of one and one half times his regular rate of pay was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury and prays for judgment against Defendant as follows:

A. An award of unpaid overtime wages to Plaintiff;

B. An award of liquidated damages to Plaintiff;

C. An award of costs and expenses of this action together with the reasonable attorneys' fees incurred by Plaintiff in this action; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th day of November, 2017.

/s/ Lisa D. Taylor
Lisa Durham Taylor
Georgia Bar No. 235529
lisa@durhamtaylor.com
**DURHAM TAYLOR LLC**
1650 Whippoorwill Road
Watkinsville, Georgia  30677
Telephone:  (770) 235-1117
Facsimile:  (706) 478-6797
Attorney for Plaintiff